363 P.2d 628

In the Matter of the ESTATE of
Emiliano SAIZ, Deceased.

Piedad SANDOVAL, Margaret S. Baca,
Deluvina S. Montoya, Louise Lancaster,
Edna S. Baca, Charlotte Ortiz, Emiliano
Saiz, Jr., and Albeta Chavez, Appellants,

v.

Rosenda Sandoval de SAIZ, Appellee.

No. 6794.

Supreme Court of New Mexico.

July 19, 1961.

Lorenzo A. Chavez, Arturo G. Ortega and Melvin L. Robins, Albuquerque, for appellants.

Edward E. Colby, Albuquerque, for appellee.

COMPTON, Chief Justice.

The single question concerns the timeliness of this appeal.

The cause was commenced in the Probate Court of Bernalillo County wherein Rosenda S. Saiz, widow of the decedent, Emiliano Saiz, was appointed administratrix of his estate. In due time an inventory was filed by her and she caused an appraisement of the estate to be made. Subsequently, the children of the decedent by a former marriage, the appellants here, being dissatisfied with the inventory of the administratrix, effected a removal of the case to the District Court of Bernalillo County on December 1, 1954. There, on December 3, 1954, they interposed an objection to the inventory filed by the administratrix and petitioned for her removal as such administratrix.

Some six years later, the district court entered an order removing the administratrix but held that certain real estate claimed by the appellants as a part of the estate of the decedent was the separate estate of the administratrix. Appellants appealed, challenging the jurisdiction of the district

court, sitting in probate, to determine title to real estate.

After the appeal was taken to this court, appellee moved for a dismissal on the ground that the appeal was not timely filed. Not being sufficiently advised at the time, we denied the motion and, in due time, briefs were filed by the respective parties. Appellee does not attempt to sustain the correctness of the ruling of the court. With candor, she concedes error, however, she again urges her motion to dismiss the appeal.

The order of dismissal was entered January 13, 1960. The motion for appeal was filed. the same day, and the order granting the appeal was entered February 13, 1960, being thirty-one days after the entry of the order; but this delay of one day is inconsequential. The date the case was filed in the district court affords the answer.

The action was filed in the district court December 1, 1954, and at that time Sec. 1 of Rule 5, our Rule of Appellate Procedure, provided for appeals within ninety days from the entry of any final judgment. Theretofore, on September 27, 1954, the rule was amended by order of this court reducing the time for appeals to thirty days. The effective date of the amendment was January 1, 1955, and the amendment itself specifically provides that it "shall apply only to cases filed in the District Courts on and after the effective date of this order."

Consequently, since the case was filed in the district court prior to the effective date of the amendment, the appeal was timely.

In view of what has been said, the order entered January 13, 1960, in so far as it purports to determine the property rights of the respective parties to real estate, is reversed.

It is so ordered.

CARMODY and MOISE, JJ., concur.

CHAVEZ and NOBLE, JJ., not participating.